IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MICHAEL TIMMS,

    Plaintiff,

v.

WARDEN DEAL; UNIT MANAGER
HUTCHISON; SERGEANT PREJETT; and
UNIT MANAGER JHOSON,

    Defendants.

CIVIL ACTION NO.: 6:19-cv-55

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed this 42 U.S.C. § 1983 action contesting certain conditions of his confinement. Doc. 1. Plaintiff also filed a Motion for a Temporary Restraining Order and Preliminary Injunction. Doc. 8. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction and **DISMISS** the following portions of Plaintiff's Complaint: All claims against Warden Deal. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order:

    1.    Failure to protect in violation of the Eighth Amendment against Unit Manager Jhoson and Sergeant Prejett;

    2.    Excessive force in violation of the Eighth Amendment against Sergeant Prejett;

3. Deliberate indifference to serious medical needs in violation of the Eighth Amendment against Unit Manager Jhoson and Sergeant Prejett; and

4. Fourteenth Amendment procedural due process violations against Unit Managers Hutchison and Jhoson.

## PLAINTIFF'S CLAIMS[1]

Plaintiff is transgender.  Doc. 1 at 6, 7; Doc. 8-2 at 1.  On April 12, 2019, Warden Deal directed that Plaintiff be put on strip cell and not allowed to eat.  Doc. 1 at 6.  In May, Unit Manager Hutchison told Plaintiff he "had a place for [Plaintiff's] kind . . .gay, transgender, or whatever you call you people," and thereafter, Hutchison housed Plaintiff with another inmate "with anger issues."  Id.  Plaintiff asked Unit Manager Jhoson to move Plaintiff to another cell but was instead told to "learn how to fight."  Id.  Plaintiff wrote Jhoson a letter explaining the sexual harassment Plaintiff was experiencing but was ignored.  Id.  On May 27, Plaintiff was sexually assaulted by a cellmate.  Id.  Plaintiff spoke to Jhoson and Sgt. Prejett "over and over" about the assault, to which Sgt. Prejett said, "I got something for yo azz [sic]."  Id.  On May 28, Sgt. Prejett entered Plaintiff's cell, handcuffed Plaintiff's cellmate, and hit Plaintiff in the face, exclaiming that Plaintiff was "going to get it."  Id.  After suffering the sexual assault, Defendants Hutchison and Jhoson assigned Plaintiff to Tier II administrative segregation without a hearing or disciplinary investigation.  Id.; Doc. 8-1 at 1.  Plaintiff was beaten by another prisoner on June 1, 2019 and June 2, 2019 and sexually abused again on June 4, 2019.  Doc. 8-1 at 1.

---

[1] All allegations set forth here are taken from Plaintiff's Complaint, doc. 1, and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, doc. 8-1, which clarifies and supplements Plaintiff's factual allegations.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all prisoner complaints. 28 U.S.C. § 1915A(a). During the initial screening, the court must identify any cognizable claims in the complaint. §1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.[2] Id. In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

---

[2] Similarly, the Court must also conduct an initial screening of any action in which the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(a).

3

**DISCUSSION**

**I.     Claims Against Defendant Deal**

Plaintiff assigns supervisory liability to Defendant Warden as "administration of GA State Prison," in "charge of the safety and to make sure all of staff follow the policys[sic] of GA. D.O.C." Doc. 8-1 at 1. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." West v. Atkins, 487 U.S. 42, 48 (1988); see Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Additionally, the plaintiff "must show that the alleged deprivation was committed by a person acting under color of state law." West, 487 U.S. at 48; see also Hale, 50 F.3d at 1582. Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

It appears Plaintiff sues Defendant Deal, the Warden of Georgia State Prison, based on his supervisory position. Plaintiff makes only one mention of Defendant Deal in the statement of his claim—but only alleges that Warden Deal placed Plaintiff on strip cell and deprived Plaintiff

of a meal. Neither of these actions, as pleaded, constitute a constitutional violation. See Turner v. Warden, 650 F. App'x 695, 701 (11th Cir. 2016) (finding no constitutional violation when inmate placed on strip cell for 10 days); see also Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862 (11th Cir. 2008) (finding no constitutional violation when inmate routinely deprived of lunch). Plaintiff has not established that Defendant Deal had any personal involvement in the alleged constitutional violations or that there is a casual connection between Deal's conduct and the violation. Therefore, because Plaintiff has failed to plausibly allege that Defendant Deal was personally involved in, or otherwise causally connected to, the alleged violations of Plaintiff's constitutional rights, the Court should **DISMISS** all claims against Defendant Deal.

## II.     Motion for a Temporary Restraining Order and Preliminary Injunction

Plaintiff has sought a temporary restraining order and preliminary injunctive relief from the Court. Doc. 8. Specifically, Plaintiff asks the Court to require that "Plaintiff to be seen by mental health staff and placed in a safe living area for [transgendered persons] to be housed, and for the Defendants to follow the Georgia Department of Corrections policy of the Tier two assignment." Doc. 8-3.

To be entitled to a preliminary injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001). Accordingly,

where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff has failed to make a sufficient showing entitlement to the extraordinary remedy of a preliminary injunction. Specifically, Plaintiff has failed to show a substantial likelihood of ultimate success on the merits of the claims. Accordingly, the Court should **DENY** Plaintiff's request for a temporary restraining order and preliminary injunction. This is not to say that Plaintiff will not be able to ultimately obtain injunctive relief in this case. However, Plaintiff is not entitled to such relief at this time.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction and a Temporary Restraining Order, doc. 8, and **DISMISS** Plaintiff's claims against Defendant Warden Deal.

Any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the

Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 12th day of February, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA